HASSAN GOLCHINI
PO BOX 421636
SAN FRANCISCO, CA. 94142

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

HASSAN GOLCHINI,
      PLAINTIFF.

V.                                          **CASE NO.;**

JEANY VALDEZ; OFFICER MCLANE;
JAMES CYAES; MIKE KLINBERG;
CHIEF GASTON; SFSU/ROBERT CORRIGAN;
PARK MERCED -RESIDENTIAL PROPERTY
MANAGEMENT COMPANY;
ALLIANCE RESIDENTIAL COMPANY;
BRUCE C. WARD;                         **COMPLAINT**
KENNEDY-WILSON PROPERTY MANAGEMENT Ltd.;
JIM ROSTEN; VIILA DE ANZA INC.     **JURY TRIAL DEMANDED**
                      DEFENDANTS.
_____/

## I.   INTRODUCTION:

On or about June 3, 2007, Plaintiff made a good faith effort to resolve the concerned issues with the Defendants. Having not heard form the Defendants, the Plaintiff therefore redresses the matter before the Court for consideration and adjudication.

Plaintiff, Hassan Golchini, in pro per as and for his complaint against the Defendants respectfully alleges:

### (1) Violation of 42 U.S.C. 1983: conspiracy,

**_Title 42 USC. § (1983)_**

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**(2) Violation of 42 U.S.C. 1983: refusing or neglecting to prevent,**
**(3) Violation of 42 U.S.C. 1985(2),**

### Title 42 USC § 1985(2)

"(2) Obstructing justice:..... if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws: "

**(4) United States Constitution 14th Amendment,**

### United States Constitution – 14th Amendment

Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law, which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**(5) Malicious abuse of process,**
**(6) Assault,**
**(7) Battery,**
**(8) Conspiracy to committee mayhem**
**(9) Conspiracy to committee murder**
**(10) Conspiracy,**
**(11) Obstruction of justice**
**(12) Intentional infliction of emotional distress,**
**(13) Reserved for negligence, and**
**(14) Reserved for negligent infliction of emotional distress**

## II.    JURISDICTION:

1.    Jurisdiction is conferred on this Court because it arises under the laws of the United States.

2.    Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## III.    VENUE:

1.    The venue is appropriate for the Court because the main actor reside in this district and substantial amount of the acts and omissions giving rise to this Lawsuit happened in this district.

## IV.    PARTIES:

1.     Plaintiff, Hassan Golchini, is a residence of San Francisco who suffered personal injuries, severe and continuing emotional distress, and the loss of his employment, resources, residence, welfare and livelihood, as direct and approximate results of the acts of the Defendants as herein alleged.

2.     Defendant, Jeany Valdez, is employed by Kennedy-Wilson Property Management Ltd. working at University Park North (UPN) [F-1] apartment complex, and assumes responsibility of managing (UPN)- an off campus housing for San Francisco State University (SFSU).  Accordingly, Defendant, Jeany Valdez, is acting under color of state law.

3.     Defendant, Mike Kleinberg, is a state actor and employed by SFSU. Defendant, Mike Kleinberg, is the directing supervisor of the UPN/UPS and over sees the Defendant, Jeany Valdez's, operation. Defendant, Mike Kleinberg, acts under color of state law.

4.     Defendant, Officer McLane, is state police personnel and works at the SFSU campus police Department. Defendant, Officer McLane is a state actor and acts under color of state law.

5.     Defendant, James Cyaes, employed at SFSU as a human recourses staff. Defendant, James Cyaes, is a state actor and acts under color of state law.

6.     Defendant, Chief Gaston, is the SFSU police campus director.  Defendant, Chief Gaston, is a state actor and acts under color of state law.

7.     Defendant, Jim Rosten, is the President of the Kennedy-Wilson Property Management Ltd. Defendant, Jim Rosten, supervises and directs the Defendant, Jeany Valdez.  Defendant, Jim Rosten, is working for a state agency, therefore acts under color of state law.

8.     Defendant, Kennedy-Wilson Property Management Ltd. assumes responsibility of the management-ship of UPN.

9.     Defendant, Villa De Anza Inc. is a real estate developer who owned the Stones town apartments and the Villas Park Merced until June 15, 2005.

10.    Defendant, SFSU, is a higher educational institution and part of the CA, State

3

University system under President Robert A. Corrigan, located at 1600 Holloway Ave. SF, CA. 94132. SFSU has the largest enrollments in the CSU system.

11.    Defendant, Park Merced Apartments is adjacent to SFSU and joined with the Villas, an off campus student housing for SFSU. Alliance Residential Company owns Park Merced Apartments.

12.    Defendant, Residential Property Management Company assumes responsibility of managing Park Merced Apartments and the Villas.

13.    Defendant, Bruce C. Ward is the President and responsible for operation and management of the Park Merced Apartments and the Villas.

**All of the Defendants are state actors and/or agent thereof, acting under color of state law and being sued in their individual and official capacity.**

## V.    Statement of the Case:

1.    On information, and belief approximately in August 2004 the Defendant, Jeany Valdez who assumed managing of the Stonestown apartments at 295 Buckingham way, San Francisco, CA 94132, conspired with her affiliates and with a deliberate intention fraudulently used the Plaintiff's identity, social security, credit, money etc. and fabricated a lease for an apartment to her two (2) female associates and established an underground sex club(s) known as Persephone338 (identities of the girls working at underground sex club(s) omitted for practical reasons.). Simultaneously, a few apartments at park Merced and/or the Villas were also used as underground sex club(s) by and through the same girls at "Persephone338" sex club(s). (Number of apartment(s) omitted for practical reasons.)

---

[F-1]    Stonestown Apartments located at Buckingham way @19 Ave. adjacent to SFSU and owned by Villa De Anza Inc. and Kennedy-Wilson Property Management Ltd. under Jim Rosten was responsible for operational logistics. Jeany Valdez was managing the apartment complex. In June 2005, SFSU purchased the Stonestown apartments, changed its name to University Park North (UPN), and utilized it as an off campus housing for its students. Kennedy-Wilson Property Management Ltd. remained to manage the property and Jeany Valdez retained her position. In 2004, at the time of the inception of Persephone338, the underground sex club(s) protection and security was provided by and through a private security company under the Villa De Anza, Inc. Subsequent to transfer of the ownership to SFSU, campus police assumed the security and safety of the complex. At the same time, the Villas part of the Park Merced apartments were also sold to SFSU and in June 15 2005, the Ownership was transferred and it was renamed to University Park South (UPS) and the Kennedy-Wilson Property Management under Jim Rosten assumed responsibility for its operational logistics

4

In March 2005, the Plaintiff became aware of the conspiracy and initiated his investigation. As a result, the Plaintiff made a few inquiries, and ultimately two (2)students shed light on the rumors that had been generated around the campus, especially at library,  and told the Plaintiff that 'Madam Browny [F-2] having the protection of the 'Ringy Boys [F-3] have open her own business of the sex club(s) and that they have witnessed and they know that the apartment(s) under the plaintiff's name has been, among four (4) others, an underground sex club since early 2004, as well as four (4) apartments at the Villas Park Merced. Plaintiff also talked with two(2) neighbours which they confirmed the unusual activities and the traffic back and forth to the said apartment(s), (Number of apartment(s) omitted for practical reasons.)

2.    In May 2005, the Plaintiff relocates from Hayward and moves to the Stonestown Apartments in search of the truth.  Accordingly, the Plaintiff started surveillance(s) and with a help of a third party began to learn and discover the activities of the underground sex club(s) and their locations, among others, at his residence @ 265 Buckingham way APT#204, and at Park Merced apartments and/or the Villas.  By December 2005, it became clear that underground sex clubs were in full operations and Plaintiff learned and identified those involved, including all of the apartments, and their occupants.  Plaintiff noticed that he was being used and his identity, social security, money, credit, etc. has been compromised, and above all the reason that he had been targeted since October 2003.  As a result of the Plaintiff's discovery, the Defendants in collaboration started to cover up their acts.  Taking into consideration that Defendant, Jeany Valdez, and some of her affiliates were acting under color of state law and their conduct in establishing underground sex clubs, etc., on the state university property considered as a felony, they therefore in a conspiracy initiated all-around strike against the Plaintiff to get rid of him in order not to be exposed.

[F-2]    Madam Browny refers to the Defendant, Jeany Valdez, per campus rumours.

[F-3]    Ringy Boys refers to three (3) of the campus police officers that having an earring on their left ear promoting their Anarchist party of either: After Dark and/or Total Darkness.

5

3.     At all time during this complaint, due to number of incidences, including burglaries' robberies, threats, attempts to Plaintiff's life, etc. etc., presence of the Police became essential.  Given that, the Plaintiff was aware of the 'Ringy Boys' he therefore took an extreme cautious and he would only call the SFPD through 911 emergency numbers, as necessary.

However, each time that the Plaintiff notified the SFPD, about four (4) members of the SFSU police campus (herein after refer to as colleagues), including officer McLain, would have appeared, in an interval.  They would have either interfere with SFPD investigation and/or told the Plaintiff not to call SFPD. Defendant, Officer McLain and his colleagues continuously neglecting and ignoring to prevent future incidents.  Their failure to investigate,  withholding evidence, and giving the Plaintiff  false information, and their malicious abuse of process, and obstruction of justice over and over again   suggests that this officer(s) were in collaboration with the Defendant, Jeany Valdez, and were making every effort to stop the underground sex club(s) and other activities from being exposed, especially, in light of the existence of the evidence(s) of the burglaries and the existence of nearly one quarter of million minutes of phone calls between Buckingham way apartments (UPN) and park Merced/the Villas (UPS) apartments.  All of the said communications were exclusively between one female and thousands of male (identities omitted for practical reasons.)


4.     Defendants however in order to further cover up their acts and to pre-empt the Plaintiff from exposing the underground sex club(s),  strategize and plotted with a James Cyaes another member of the click and a human resources staff, causing the Plaintiff an unlawful and unjust loss of his employment, benefits, medical coverage, pension, retirement, etc. To date the Plaintiff has not been told the reason for this forceful lose of employment.  In addition, the Defendants in order to have their paper work in accordance with SFSU regulations continued in their malicious abuse of the system in committing more fraud again and over again.

5.    Defendant, Jeany Valdez, ultimately with the help of her affiliates struck the final blow and forced the Plaintiff to move out of his residence.  In addition, Defendant, Jeany Valdez, in order to conceal evidence(s) forfeited all of the Plaintiff's personal property(s), including numerous evidences and documents that had cost the Plaintiff thousands of dollars in birching and ignoring the state law, while her associates assured her that they would have the Plaintiff out of the country or prison if he does not leave.  Further that the Defendants strategies and made sure that the Plaintiff would be without transportation, thus they played with other associates and got rid off his car.

Defendant, Jeanie Valdez, again in the absence of the Plaintiff on or about August 1, 2006, used the Plaintiff identity and fabricates another lease for an apartment to her associates and once again, the underground sex club 'Persephone338' began its unlawful and inhumane activities. Plaintiff in more than one occasion tried to consult with defendant, Jeany Valdez, with regard to the situation, however, defendant, Jeany Valdez, fled the scène. The assaults and attempts to Plaintiff's life became more intense and continued.

6.    Therefore, a conspiracy unfolds and reveals that the Defendants acts and omissions were unlawful. The Plaintiff discovery put them in shambles and they together conspired and ruined the Plaintiff's life in order not to be exposed. The tragic nature of this case compounded by the fact that the intimidations, including a few attempts to the Plaintiff's life to leave the country continues to date.[F-4] However, Plaintiff's long and exhausting investigation reveals shocking findings, which resulted in writing of the 'Persephone Brief'

---

[F-4]    On or about September 11, 2007, the last attempt of a hit and run and a general application occurred across from the Stonestown shopping centre and University Park North, an off campus housing for SFSU.  As a result, the Plaintiff was hospitalized in trauma ward at San Francisco General Hospital for three (3) days.  The threats and intimidations by and through the Defendants and/or their agents has been intensified, and pressure to leave continues.

Further that the Plaintiff has been threatened and was told that not to file any criminal charges.  In addition, The Defendant, Jeany Valdez and her associate repeatedly and again have told the Plaintiff that, " We have police, DA, and Judges, if you do not leave the country and/or state, we will set you up and have you prisoned."

Moreover that there has been new developments that suggests the Defendants may have staged and orchestrated a set up to have the Plaintiff ends up in a tragic situation as the fate of the last victim in the hands of the Defendants: crippled and hospitalized for life.

---

[F-4A]    Persephone Brief describes "affiliates" mentioned in the complaint and their operations, etc. The primary intention of the Plaintiff in writing the said brief was and is to dedicate the Brief to the daughters of California for informative and preparative reasons in taking any measures necessary to prevent falling in the hands of these wolves. Persephone Brief exposes the city's sex slavery and underground sex club, white slavery, sperm count etc. It introduces "They"-secret society and/or Anarchists, their operations, identifies, and introduces the criminal organization(s), cult(s), and their locations, names, places of contact, means, sources, and purposes, etc. etc.. It is the Plaintiff's hope that the said brief helps the young and promising teenagers of the state, especially San Franciscans to become aware of their environment.

7

## PLAINTIFF'S CLAIM IS SUPPORTED WITH THE FOLLOWING COMPLING FACTS, WHICH HE INTENDS TO PROVE AT TRIAL.
### All of which are supported by way of evidences, documents and witnesses

## CONSPIRACY

7.      **Plaintiff** repeats and realleges and incorporates by reference the allegations in Paragraph 1. Through 6. above with the same force and effect as if herein set forth.

Defendants (a) has an object to be accomplished (b) has an agreement on the object or course of action (c) performed one or more unlawful overt acts, and (d) cased Plaintiff damages that were a direct result of those acts.

In furtherance of this object, Defendants did two or more overt acts against the Plaintiff, subsequent to his discovery of their acts. Those unlawful overt acts include, but not limited to the followings:

**(a)**      Defendants strategize to keep the Plaintiff out of his residence, in order not to be compromised and to continue their dirty work. Thus, initiated number of burglaries, threats, unjust notice of quite, etc. etc. against the Plaintiff, which resulted in lost of his residence.

**(b)**      Defendants strategize in order to conceal evidence forfeited all of the Plaintiff's personal properties/possessions, including numerous evidences he had gathered up to that point.

**(c)**      Defendants with a deliberate and calculated plot had the Plaintiff rubbed in number of occasions, which resulted in leaving the Plaintiff to be without resources, welfare, and livelihood.

**(d)**      Defendants strategize against the Plaintiff and caused an unlawful and a forceful loses of employment, benefits, medical coverage, pension, retirements, etc.

**(e)**      Defendants conspired with their affiliates and made a few attempts to the Plaintiff's life. Each attempt could have ended in fatality. As a result, Plaintiff suffered injuries and severe emotional distress that believe to be

8

permanent.

**8.**    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 7 above with the same force and effect as if herein set forth.

**9.**    Defendant, Jeany Valdez, in a conspiracy with her affiliates fraudulently and feloniously used the Plaintiff's identity, etc. etc. and established underground sex club(s) on a public school property, for monetary gain.  Plaintiff ultimately discovers and learns all those involved, their identity(s), where about, etc. etc.

**(a)** Subsequent to Plaintiff's discovery of the Defendants ' activities,  Defendant, Jeany Valdez, strategize with her associates to keep the Plaintiff out of his apartment by having the Plaintiff terrorized and burglarized.

**(b)** Defendant, Jeany Valdez, began her plot with ignoring numerous correspondences from the Plaintiff and others on behalf of the Plaintiff in order to have the terror and burglarizing stop.  The plaintiff asked the Defendant, Jeany Valdez, to be moved to another apartment, which may be more secure.

**(c)** Defendant, jeany Valdez, intentionally misrepresented that she had exclusive authority and will not allow the Plaintiff to move to any other apartment.

**(d)** Ultimately, the Defendant, Jeany Valdes collaborated with her affiliates and orchestrated executed a notice of quite, and pressured the Plaintiff out of his residence in order not to be exposed, and to conceal evidence, etc.

In concert with Defendant, Jeany Valdez and her associates' representations and misrepresentations, Officer McLain and his colleagues together pressured the Plaintiff out of his residence and the defendants agreed that the object or course of action was to rid of the Plaintiff without any necessary and justified reason, and maliciously plotted together and orchestrated and executed their plan and had the Plaintiff out of his residence.

**(e)** Defendant, Jeany Valdez, in order to conceal evidence, intentionally, and unlawfully forfeited the Plaintiff's personal property(s), etc. etc. The Plaintiff's personal property and numerous evidences that had cost the Plaintiff thousands of dollars were taken by the Defendant, Jeany Valdez, against the state law.

9

10.    As a result of the Defendant, Jeany Valdez's, extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendant, Jeany Valdez, in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

11.    Defendant, Jim Rosten, the president of the Kennedy-Wilson property management knew or should have known that the Defendant, Jeany Valdez's conduct was wrong.  Defendant, Jim Rosten should have been more vigilant and should have made sure that his employee(s) are conducting business in a professional and based on the accepted standards and principles.

12.    Defendant, Bruce C. Ward, the president of the Alliance property management Company knew or should have known that there is an underground sex club(s) under his nose in full operation.  Defendant, Bruce C. Ward should have been more vigilant and should have made sure that his employee(s) are conducting business in a professional and based on the accepted standards and principles.

13.    Defendant, Mike Kleinberg, the director of the UPN knew or should have known that Defendant, Jeany Valdez had intentionally misrepresented facts about the exclusive authority for any move.

14.    Defendant, Mike Kleinberg failed to conduct any investigation, despite of the fact that the Plaintiff left him number of massages.

15.    Defendant, Mike Kleinberg, should have conducted an investigation, in order to determine the reason(s) that the Plaintiff's personal property has been forfeited against the state law.

16.    In a collaboration with the Defendant, Jeany Valdez, Defendant, James Cyaes, intentionally and deliberately with force and intimidation pressured the Plaintiff to leave his job.

17.    In addition, Defendant, James Cyaes, committed fraud(s) to assist her affiliate the defendant, jeany Valdez, to have certain paper work(s) in

accordance with (SFSU) regulations.

18.     Defendant, James Cyaes's, conduct in malicious abuse of process and misrepresentation with false, fabricated information to have a state permanent employee out of job without show cause and to committee fraud was extreme and outrageous that shock the conscience.

19.     As a result of the Defendant, James Cyaes, extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma...

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendant, James Cyaes, in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

20.     Defendants SFSU and Kennedy-Wilson Properties, Jim Rosten and Mike Kleinberg, Villa De Anza, Park Merced- Alliance Residential Company and the Residential Property Management Company, and Bruce C. Ward, are liable under the doctrine of respondeat superior.
Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21.     Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 20 above with the same force and effect as if herein set forth.

22.     Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously force Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff constitutional rights, or by falsely force the plaintiff, by conspiring against Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

11

23.    Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

24.    The actions of the Defendants were the cause of Plaintiff's distress.

25.    Plaintiff is a reasonable man.

26.    The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

27.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion." Extreme and outrages conduct is not required if the emotional distress resulted from the commission of another tort.

28.    Defendants SFSU and Kennedy-Wilson properties, Villa De Anza, Park Merced -Alliance Residential Company and the Residential Property Management Company are liable under the doctrine of respondeat superior.

29.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## RESERVED FOR NEGLIGENCE

30.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31.    Defendants SFSU and Chief Gaston of campus Police owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, to prevent establishment of an underground sex club and/or to make sure that none of their employees are part of it.

32.    Defendant Officer McLain and his colleagues (refers to other four (4) campus officers, only.) owed a duty to act according to the standard of ordinary

care of a police officer, to wit, to conduct a proper investigation, and not to withhold evidence and not to conceal evidence. Defendant Officer McLain was informed by way of evidence about the seven thousand (7000) minutes of phone call a month, only from one phone at the Plaintiff's residence, between University Park North (formerly known as Stonestown) and Park Merced (University Park South), and surrounding neighborhood between 1000's of men and only communicating with one girl suggest something worse investigation on a state university property. Defendant Officer McLain should have conducted investigation. Defendant Officer McLain has duty under law to follow procedures and investigate such evidence(s), as well as the evidence of a burglary submitted to him by the Plaintiff. In matter of jurisdiction over jurisdiction, Defendant Officer McLain, and his colleagues should not have interfered with the SFPD with broad range of investigation. Defendant Officer McLain and his colleagues should not have conceals evidence. Defendant Officer McLain and his colleagues should not have given the Plaintiff false information. his failure of which was the proximate cause of Plaintiff's injury. Defendant Officer McLain and his colleagues were informed about the underground sex club(s), and a possible ring of prostitution on the state school property. The Plaintiff about the witnesses and evidences, as well as overwhelming documents to this effect informed them. Defendant Officer McLain and his colleagues intentionally neglected to do their duty. Defendant Officer McLain and his colleagues owed a duty to act according to the standard of ordinary care of a police officer, to wit, to conduct a proper investigation. As a result of the Defendant, Officer McLain, and his colleague's extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma.

33.    WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendant, Officer McLain, and his colleagues in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

13

34.    Defendants SFSU and Chief Gaston breached that duty by failing to act as an ordinary government agency would act, to wit, by failing adequately to control and to supervise the campus officers.

35.    As a result of those breaches, which were the proximate causes of Plaintiff's injury, Plaintiff suffered harm and damages.

36.    Defendants SFSU and Chief Gaston are also liable under the doctrine of respondeat superior.

37.    WHEREFORE, Plaintiff demands judgment against Defendants SFSU, Jeany Valdez, James Cyaes, Mike Kleinberg and officer McLain, Chief Gaston, for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

38.    Plaintiff demands judgment against Defendants, Villa De Anza Inc., Jim Rosten, Kennedy Wilson Properties, Ltd. , Park Merced-Alliance Residential Company and the Residential Property Management company, and Bruce C. Ward for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## RESERVED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40.    Defendants continually negligently inflicted emotional distress on the Plaintiffs.

41.    Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiffs. Defendants breached their duties to the plaintiffs.

42.    The plaintiff never interfered with the defendants' obligations under the above-described duties.

14

**43.** Plaintiff suffered not only physical symptomatolo-gies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

**42.** Defendants Jim Rosten and Kennedy-Wilson <u>Properties</u> Ltd, Villa De Anza Inc., Park Merced- Alliance Residential Company and the Residential Property Management Company, and Bruce C. Ward are also liable under the doctrine of respondeat superior.

**43.** As a result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatolo-gies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**44.** WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants Jeany Valdez, James Cyaes, Officer McLain, Chief Gaston, Mike Kleinberg, SFSU, and Jim Rosten, Villa De Anza, Inc. Kennedy-Wilson Properties, Park Merced- Alliance Residential Company and the Residential Property Management company, and Bruce C. Ward in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Dated this 25th day of October 2007.

Respectfully submitted,

Hassan Golchini                    pro se
Po Box 421636
SF, CA. 94142-1636

15

## PLAINTIFF'S VERIFICATION:

The undersigned, under the penalty of perjury swears, deposes and says that I am the Plaintiff herein, and have filed the foregoing pleading, and the facts stated therein are true.

25 October 2007.


Hassan Golchini                                                    pro se
POBOX 421636
SF, CA. 94142-1636

## CERTIFICATE OF SERVICER .

I, Hassan Golchini, the Plaintiff in the civil action herein, certify under the penalty of perjury that I have provided the Defendants' addresses to the Clerk of the Court for the service of process and the summons, soon as an order issued by the Court granting the Plaintiff's form of pauperis.

1.    United States Justice Department

2    Jeany Valdez
     University Park North
     295 Buckingham Way
     SF, CA. 94132

3.    James Cyaes
     SFSU
     Human Resources
     1600 Holloway Ave.
     San Francisco, CA 94103

4.    Officer McLain
     SFSU campus police Dept.
     1600 Holloway Ave,
     SF, CA. 94132

5.    Chief Gaston
     SFSU campus police Dept.
     1600 Holloway Ave,
     SF, CA. 94132

6.    Mike Kleinberg
     University Park North
     295 Buckingham Way
     SF, CA. 94132

.7.    Park Merced-
     Alliance Residential Co.
     3711 19th Ave.
     SF, CA. 94132.

8.    President Robert A. Corrigan
     SFSU
     1600 Holloway Ave,
     SF, CA. 94132

9.    Jim Rosten
     650 Townsend Street
     Suite 270
     San Francisco, CA. 94103

10.    Villa De Anza, Inc
     Park Merced
     3711 19th Ave.
     SF, CA. 94132

11.    Kennedy Wilson Properties, Ltd.
     650 Townsend street
     Suite 270
     San Francisco, CA. 94103

12.    Bruce C Ward
     Park Merced
     3711 19th Ave.
     SF, CA. 94132

13.    Alliance property management co.
     Park Merced
     3711 19th Ave.
     SF, CA. 94132

Dated this 25th day of October, 2007

Hassan Golchini                pro se
Po Box 421636
SF, CA. 94142-1636

17

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

HASSAN GOLCHINI

SAN FRANCISCO

**DEFENDANTS**

JEANY VALDEZ, etc. al.

SAN FRANCISCO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Hassan Golchini, pro se: po box 421636, SF, CA. 94142

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transfered from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | **PERSONAL INJURY** | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐362 Personal Injury Med Malpractice | ☐640 RR & Truck | | ☐460 Deportation |
| | ☐365 Personal Injury Product Liability | ☐650 Airline Regs | ☐820 Copyrights | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐151 Medicare Act | ☐320 Assault Libel & Slander | ☐660 Occupational Safety/Health | ☐830 Patent | ☐480 Consumer Credit |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐368 Asbestos Personal Injury Product Liability | ☐690 Other | ☐840 Trademark | ☐490 Cable/Satellite TV |
| | ☐330 Federal Employers Liability | | | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐850 Securities/Commodities/ Exchange |
| ☐160 Stockholders Suits | ☐340 Marine | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐345 Marine Product Liability | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | ☐350 Motor Vehicle | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | ☐355 Motor Vehicle Product Liabiltiy | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐893 Environmental Matters |
| | ☐360 Other Personal Injury | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐894 Energy Allocation Act |
| | ☐370 Other Fraud | ☐791 Empl.Ret. Inc. Security Act | | ☐895 Freedom of Information Act |
| **REAL PROPERTY** | ☐371 Truth In Lending | | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee |
| ☐210 Land Condemnation | ☐380 Other Personal Property Damage | | ☐870 Taxes (US Plaintiff or Defendant | Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐385 Property Damage Product Liability | | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐890 Other Statutory Actions |
| ☐240 Torts to Land | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | | |
| ☐245 Tort Product Liability | ☐442 Employment | ☐530 General | | |
| ☐290 All Other Real Property | ☐443 Housing | ☐535 Death Penalty | | |
| | ☐444 Welfare | ☐540 Mandamus & Other | | |
| | ☑440 Other Civil Rights | ☐550 Civil Rights | | |
| | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | |
| | ☐446 Amer w/ disab - Other | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendants established underground sex clubs for activities such as sperm count, etc,. on the SFSU property(s), violating Plaintiff's civil right

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☑ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE

10/26/07

SIGNATURE OF ATTORNEY OF RECORD

Pro se