UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN GOLCHINI,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANY VALDEZ, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-07-5471 EMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH PREJUDICE** |

Plaintiff Hassan Golchini has filed a complaint against multiple persons and entities, including Jeany Valdez, alleging, *inter alia*, that Defendants violated his civil rights. Mr. Golchini has also filed with the Court an application to proceed in forma pauperis. Mr. Golchini has consented to proceed before a magistrate judge.

## I. DISCUSSION

A.    <u>In Forma Pauperis Application</u>

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).

In his financial affidavit, Mr. Golchini states that he has no current income other than welfare or other government assistance. It appears that Mr. Golchini does not own a home, nor does he have a bank account or car or possess any other assets. He states that his monthly expenses consist of $1200 for rent, $320 for food, and $22 for clothing. Given these circumstances, the Court grants Mr. Golchini's application to proceed in forma pauperis.

B.  Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed in forma pauperis if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because the Court must apply this standard, the Court turns to the specifics of Mr. Golchini's complaint.

Although the complaint is confusing and difficult to understand, it appears that Mr. Golchini has sued Defendants based on events that transpired while he was living at the Stonestown Apartments, now known as University Park North, which is property owned by San Francisco State University ("SFSU"). *See* Compl. at 4 n.1. According to the complaint, Mr. Golchini resided in the Stonestown Apartments in May 2005. *See* Compl. ¶ 2. While living there, he discovered that underground sex clubs were being operated at the apartments by Ms. Valdez, the manager of the apartments, and "her affiliates." Compl. ¶ 2. Ms. Valdez and her affiliates therefore "initiated [an] all-around strike against [Mr. Golchini] to get rid of him in order not to be exposed." Compl. ¶ 2. SFSU campus police were also a part of the conspiracy against Mr. Golchini, *see* Compl. ¶ 3, as were employees of the SFSU human resources staff. *See* Compl. ¶ 4. Ms. Valdez and her affiliates burglarized Mr. Golchini's residence and ultimately forced him to move out of his residence. *See* Compl. ¶¶ 5, 7(a), 9(a), 9(d). Ms. Valdez also used Mr. Golchini's identity to fabricate a lease for an apartment for her associates. *See* Compl. ¶¶ 1, 5, 9. Apparently, Ms. Valdez and her associates also managed to cause Mr. Golchini to lose employment, benefits, medical coverage, pension, and retirements and further made attempts on his life. *See* Compl. ¶¶ 7(d), (e); *see also* Mot. to Expedite at 1 (claiming that there have been attempts on his life, the last of which was a hit and run on September 11, 2007).

2

Based on the above allegations, Mr. Golchini asserted, in his complaint, claims under both federal and state law. With respect to federal claims, Mr. Golchini asserted that his civil rights had been violated pursuant to 42 U.S.C. §§ 1983 and 1985(2).

In the instant case, the Court concludes that Mr. Golchini has failed to state a claim for relief under federal law. He has failed to state a claim for relief under § 1985(2)[1] -- conspiracy to interfere with civil rights -- because that statute requires class-based discrimination, *see Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) ("conclud[ing] that an allegation of class-based animus is required for a claim under that clause as well [*i.e.*, the second clause of § 1985(2)]"), and Mr. Golchini has not made any such allegations in his complaint. As for the alleged violation of § 1983, it is not clear from the complaint which provision of the Fourteenth Amendment was purportedly violated. Mr. Golchini's assertion of the § 1985(2) claim suggests that the violation at issue was an equal protection violation but he has made no allegation of class-based discrimination nor the requisite elements of any other cognizable form of discrimination. Without any federal claim, the Court would decline supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a court may decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Dismissal is therefore appropriate.

Moreover, dismissal of the lawsuit with prejudice is justified because Mr. Golchini's complaint contains factual allegations that are clearly baseless and fanciful. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (stating that § 1915 gives a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" -- *e.g.*, "fantastic or delusional scenarios"). This conclusion is based no only on the implausibility of the plethora of events and alleged acts of wrongdoing, but also the breadth of the

---

[1] The relevant part of § 1985(2) provides for a cause of action to an injured party

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .

42 U.S.C. § 1985(2).

numerous defendants involved in the alleged conspiracy. The Court's finding is also based in part on the prior lawsuit filed by Mr. Golchini in this District, in which he once again has a preoccupation with underground sex clubs, sex slavery, and sex trafficking. *See Golchini v. Lindauer*, No. C-07-3968 MMC.[2] That complaint was dismissed and the file closed.

Accordingly, the Court concludes that Mr. Golchini's claims are without merit and it hereby dismisses this lawsuit with prejudice.[3]

## II. CONCLUSION

For the foregoing reasons, Mr. Golchini's complaint is dismissed with prejudice. In light of this order, Mr. Golchini's motion to expedite is moot. The Clerk of the Court is directed to enter judgment and close the file in this case.

This order disposes of Docket Nos. 2 and 3.

IT IS SO ORDERED.

Dated: November 29, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[2] Notably, Mr. Golchini alleged that the defendants in the *Lindauer* case told him to "leave the country or we set you up and you go to prison." *Golchini v. Lindauer*, C-07-3968 MMC (Docket No. 1, at 6). In the instant case, Mr. Golchini similarly claims that Ms. Valdez and her associates told him that "[w]e have police, DA, and Judges, if you do not leave the country and/or state, we will set you up and have you [im]prisoned." Docket No. 3, at 2.

[3] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendants in order to properly dismiss this action because Defendants have not been served and, as a result, are not parties. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with applicable filing requirements, was not a party).