HASSAN GOLCHINI
PO BOX 421636
SAN FRANCISCO, CA. 94142



FILED

JAN · .. 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

HASSAN GOLCHINIU,
        PLAINITIFF.

V.

JEANY VALDEZ; OFFICER MCLANE;
JAMES CYAES; MIKE KLINBERG;
CHIEF GASTON; SFSU/ROBERT CORRIGAN;
ALLIANCE RESIDENTIAL COMPANU;
BRUCE C. WARD; JIM ROSTEN; VILLA DE ANZA INC.;
KENNEDY-WILSON PROPERTY MANAGEMENT LTD.;
                        DEFENDANTS.

CASE NO.: C 07 5471

_____/

## APPEAL FROM THE MAGISTRATE JUDGE'S DECISION
## TO THE UNITED STATES DISTRICT COURT

Plaintiff, Hassan Golchini, in pro per appeals the Magistrate Judge's decision dated November 29, 2007 for dismissal of his complaint under 42 section 1983 for failure to state a claim for relief. See: Attachment a.

**JURISDICTION:**

Plaintiff's action fell within the District Court's original jurisdiction. See: 28 U.S.C. section 1331. 1333.

The judgment of the Magistrate Judge granting dismissal is an appeal able order to the United States District Court. (Citation omitted.)

Jurisdiction of the pendent claims is authorized by F.R.Civ.P. 18(a) and arises under the doctrine of pendent jurisdiction as set forth in: united Mine Workers v. Gibbs 383 U.S. 715 (1966).

**PLAINTIFF IN SUPPORT OF HIS APPEAL FROM THE MAGISTRATE JUDGE TO THE UNITED STATES DISTRICT COURT OFFERS THE FOLLOWING:**

Magistrate Judge erred as a matter of law in dismissing the Plaintiff's complaint for failure to state a claim for relief.

1

"All factual allegations of the complaint are accepted as true and all reasonable inferences must be drawn in favor of the nonmoving party.  See: Id. Usher v. City of Los Angeles 828 2d 556, 561 (9th Cir. 1997).  Moreover, **"(t)he Supreme Court has instructed the federal courts to liberally construe the in-artful pleading of pro se litigants."** Eldridge v. block, 812 F. 2d 1132, 1137 (9th Cir, 1987)(citing Boag v. MacDougall 454 U.S. 364, 365 (1982) and the Court have emphasized that "(t)he rule of liberal construction" is particularly important in civil cases.  Ferdik v. Bonzelet 963 F. 2d 1258, 1261 (9th Cir. 1992)(citing Eldridge, 83 2d at 11. 37.)

## BACKGROUND:

Plaintiff in his complaint for damages:  intentional emotional distress, defamation, assault, destruction and seizure of property, forceful and unlawful lose of employment by intimidation, forceful and unlawful eviction by intimidation, negligence, and conspiracy, Plaintiff alleged that an employee of University Park North (UPN) an off campus housing for San Francisco State University with some of her associates who were acting under color of state law engaged in a civil conspiracy for the purpose with identifiable members of a group known as Anarchist and/or secret society. See: plaintiff's complaint Attachment b. [F-1] Plaintiff became a target of a conspiracy for his money, identity, credit, residence, etc. etc.

A conspiracy came to light as Plaintiff discovers that in early 2004, a few members of the said group with one of their associate the Defendant Jeanie Valdez formed a pack and carry out their scheme in establishing an underground sex club(s) known as Persephone338, at stonestown apartments which later renamed by the SFSU to University Park North.  His discovery let the conspirators to a premeditated assault on Plaintiff and his property in order to cover their acts up and to prevent compromise as to their identity(s) and their unlawful activities. They scared  Plaintiff of by having the Plaintiff burglarized and rubbed in order for him to leave the state and/or the country, but he stood his ground.  As a result their assault to plaintiff and  destruction of his property

2

become much more intense. They managed to get him out of his apartment and take his job away. They even made a few attempts to his life. By mid 2007, Plaintiff's damages were about three quarter of million dollars, two homes, and four cars. He became destitute. He is now seeking justice before the court of Law and he believes that this lawsuit may be the only peaceable means to redress their unlawful acts and reveal the truth. Plaintiff also contents that he is able to prove all of the allegations he claimed against this group of conspirators.

[F- 1] Initially, the Plaintiff became a target of conspiracy by the group of Anarchist through a girl thirty years his junior on October 24, 2003.

## CAUSE OF ACTION:

For his cause of action Plaintiff in his complaint against the Defendants claims violations of:

42 U.S.C. section 1983    conspiracy

42 U.S.C. section 1983    refusing and neglecting to prevent

42 U.S.C. section 1985(2)

United States Constitution 14th Amendment

## SECTION 1983:

With respect to violation of section 1983, Magistrate Judge erred in its holding that, " it is not clear from the complaint which provision of the 14th Amendment was purportedly violated." See: order at 3. N. 9. 10.

In his complaint, plaintiff alleged a conspiracy cover up involving state actors, for his cause of action Plaintiff alleged that the Defendants deprived him of civil rights under section 1983. Further, that the Defendants civil conspiracy deprived Plaintiff of the rights secured under the protected clause  of the 14th Amendment to the United States Constitution.

"Section 1983 authorized a party who has been deprived of a federal right under the color of state law to seek relief through, "an action at law, suit in equity, or other proper

proceeding for redress." See: City of Monte at Monterey, Ltd. 526 U.S. 687, 707 (1999).

Section 1983 – Elements of Claim
[Plaintiff] must prove both of the following elements by a preponderance of
the evidence:
First: [Defendant] acted under color of state law.
Second: While acting under color of state law, [defendant] deprived
[plaintiff] of a federal [constitutional right] [statutory right].
"By the plain terms of § 1983, two–and only two–allegations are required in
order to state a cause of action under that statute. First, the plaintiff must allege
that some person has deprived him of a federal right. Second, he must allege that
the person who has deprived him of that right acted under color of state or
territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); ("A prima
facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived
him of a federal right; and (2) the person who deprived him of that right acted
under color of state or territorial law.")

("In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove

that persons acting under color of state law conspired to deprive him of a
federally protected right."); *Marchese v. Umstead*, 110 F.Supp.2d 361, 371
(E.D. Pa. 2000)

In his [ conspiracy cover up] case, Plaintiff alleged that: based on his
discovery of an underground sex club(s) and other unlawful acts of the
Defendants, Plaintiff confronted with the Defendants [ invoking liberty interest by
expressing his belief on the Defendants acts and omissions]. Subsequently, in a
collaboration the Defendants conspired together to get rid of the Plaintiff in order
to cover their acts up and to prevent from being exposed.[ F- 2] Thus, in concert,
Defendants **(1) has an object to be accomplished**:.-----------That is to make
sure to rid of the Plaintiff without any necessary and justified reason.

**(2) has an agreement on the object or course of action**:------That is by and
through any means necessary. Thus, Defendants maliciously plotted and
conspired together and executed their plan.

**(3) performed one or more unlawful overt acts**.---------That is to have the
Plaintiff victimized and/or terrorized [ discriminatory treatment and harassment ]
in order to scare the Plaintiff off to have him leave the state and/or the country, to
which the Defendants would conceal evidence and prevent from  being exposed
as  to their activities and/or their identities.

**(4) caused Plaintiff damages that were a direct result of those acts**:--------
Their discriminatory treatment and continuous harassment escalated to incident

4

after incident resulting in a complete devastation of the Plaintiff: **(a)** Jeanie Valdez in a conspiracy deliberately strategize with her associates to keep the Plaintiff out of his place of residence by having the Plaintiff burglarized and terrorized. **(b)** Jeanie Valdez with misrepresentation bluntly told the Plaintiff that he could not move him to a more secure apartment. **( c )** Officer McLane and his colleagues with Jeanie Valdez in a collaboration deliberately pressured the Plaintiff with the use of force and intimidation to leaver his apartment, by serving an unjust notice of quite. **(d)** Jeanie Valdez deliberately, unlawfully sized and forfeited the Plaintiff property and his personal possessions in order to conceal evidence. **(e)** In furtherance of their conspiracy the defendants in concert with a ,James Cayeas, a human resource's staff caused a deliberate, an unlawful, forceful, and unjust resignation, resulting in lost of employment, benefits, pension, medical coverage, and retirement. **(f)** Officer McLane and his colleagues continuously and deliberately interfere with the SFPD investigation, Officer McLane knowing that he lack jurisdiction for investigation, he however continuously told the Plaintiff false information, he withhold evidence, and continuously refuse, ignore and neglect to prevent future incidents, and failed to do investigation. [F- 3] See: Complaint at 8. 9. 11. 12. 13.5. 6. 7.

---

F-2      "**discriminatory treatment and harassment**: *[I]s a fact common to all complaints. The 9th Circuit stated that " All factual allegations of the complaint are accepted as true and all reasonable inferences must be drawn in favor of the nonmoving party. See: I.d., Usher v. City of Los Angeles, 828 f. 2d. 556, 561, (9th Cir. 1987). Moreover, "[t]he Supreme Court has instructed the federal courts to liberally construe the in artful pleading of pro se litigants, "Eldridge v. Block, 832 f. 2d 1132, 1137 ( 9th Cir. 1987) ( citing Boag v. MacDougal, 454, U.S. 364, 365 (1982), and we have emphasized that the rule of liberal construction is "particularly important in civil rights cases. " Ferdik v. Bonzelet, 963 F. 2d 1258, 1261 (9th Cir. 1992) (citing Eldridge, 832 F. 2d at 1137)

---

F- 3

'The Plaintiff assertion of the alleged violations may be construed to as of a class based discrimination.

**"To state a claim under section 1983 on an alleged violation of Due Process, Plaintiff must allege deprivation life, liberty or property interest within the meaning of Fourteenth**

5

**Amendment 's Due Process Clause." Board of Regents v. Roth 408, U.S. 564, 571, 92 S. Ct. 2701, 2705-6, 33 L. Ed. 2d 548 (1972).**

The injury Plaintiff alleges in his complaint with respect to deprivation of life, liberty, or property interest is that : subsequent to his discovery of the acts and omissions of the Defendants, the Plaintiff confronted [expressed his belief] with defendants with respect to their activities which resulted in a conspiracy cover up:

(1)    That in furtherance of their conspiracy the defendants in concert with a ,James Cayaes, a human resource's staff caused a deliberate, unlawful, forceful, and unjust resignation.  James Cyaes's conduct in malicious abuse of process and misrepresentation with false, fabricated information to have a state permanent employee out of job without show cause has interfered with the Plaintiff's civil rights, and deprived the Plaintiff of his liberty interest within the meaning of the 14th Amendment's Due Process Clause. See: Keyishian v. board of Regent 385 U.S. 589, 605-606, 87 S.Ct. 675, 684-685, 17 L. Ed. 2d 629 (1967) " for at least fifteen years it has been settled that a state cannot condition public employment on a basis that infringes the employee's constitutional protected interest in freedom of expression."

(2)    **(a)** Jeanie Valdez in a conspiracy deliberately strategize with her associates to keep the Plaintiff out of his place of residence by having the Plaintiff burglarized and terrorized. **( b )** Officer McLane and his colleagues with Jeanie Valdez in a collaboration deliberately pressured the Plaintiff with the use of force and intimidation to leaver his apartment. Therefore, the Defendants conduct in a deliberate, malicious use of force, and by abusing the lawful process by unlawful purpose interfered with the Plaintiff's civil rights, the Defendants conduct using  threats, coercion, or intimidation, and by conspiring against the Plaintiff resulting in lost of his residence violates Plaintiff's constitutional rights. See: " Rucker v. Davis, 237 F.3d 1113,1129 (9th Cir. 2001).  In pertinent part,"...this is the only lawful construction of the statute, ... authorities that assumes guilt and authorizes the eviction of innocent tenants only serves to

6

punish the victims of crime. That approach is contrary to law." "It is clear that targeting victims of crime through such evictions would be patently unreasonable. No behavior would be addressed that Congress has condemned, and no incentive would be created to deter violence, which is the targeted behavior. In fact, a statutory interpretation that authorizes victims to be threatened or evicted would only increase the power of abusers." Moreover, that the supreme court, " determined that officers who assist citizens in civil proceedings, such as evictions, may be held civilly liable for fourth amendment violations and decided not to bar habeas corpus petitions for alleged Miranda violations" (citation omitted)

(3)    Jeanie Valdez deliberately, unlawfully sized and forfeited the Plaintiff property and his personal possessions in order to conceal evidence.

The Defendant Jeanie Valdez's conduct in forfeiting and sizing the Plaintiff's property and personal possession for the purpose of concealing evidence deprived the Plaintiff of his property interest of the due process right within the meaning of the protective clause of the 14th Amendment to the United States Constitution.

(4)    **With** respect to Plaintiff's cause of action in violation of Plaintiff's right to equal protection under section 1983, the Plaintiff references various incidences of alleged misconduct by Defendant Officer McLane and his colleagues: See: complaint at 12. 13.

(a)    Officer McLane and his colleagues failed to investigate in light of the evidence of burglaries' , and the existence of 7000 minutes of phone call only from one phone per month on the Plaintiff's phone bills without his knowledge between 1000's of men and one woman on the school property.

(b)    Officer McLane refusing and ignoring to prevent future burglary(s), assault(s), and robbery(s) upon Plaintiff.  Officer McLane is in oppose with his own duty to act accordance to the standard of ordinary car of a police officer.

(c)    Officer McLane and his colleagues interference with the SFPD investigation, concealing evidence and falsifying information, and maliciously

abusing the process violated the Plaintiff's civil rights and deprived the plaintiff of his equal right protection within the meaning of the protective clause of the 14th Amendment to the United States Constitution.

**Therefore**, based on the fore goings the Defendants conspiracy cover up interfered with the Plaintiff's civil rights and deprived the Plaintiff of his federal constitutional rights under 42 U.S.C. section 1983. [F-4 ]

---

F-4    **"clear and present danger of a serious substantive evil that rises far above public inconvenience ,annoyance, or unrest...there is no room under our Constitution for more restrictive view.  For the alternative would lead to standardization of ...either by ...dominant political or community groups."** **Cammiello v. Chicago 337 U.S. 4, 5 (1948)**

**With** respect to violation of section 1985 (2), magistrate Judge additionally erred in its holding that, " He has failed to state a claim for relief under section 1985 (2)...because that statute requires class based discrimination."  See: order at 3. n. 6. 7. 8.

The ninth circuit ruled in: Abmmson v. Brownstein, 897,F 2d 389, 391 (9th Cir. 1990); "on a motion to dismiss we are required to read the complaint charitably, to take all well pleaded facts as true, and to assume that all allegations embrace what- ever specific facts might be necessary to support them." (citing) .: Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189, 111 L. Ed. 2d. 695 (1990).

Moreover, **"discriminatory treatment and harassment**: *[I]s a fact common to all complaints."

In addition: 9th Circuit stated that "All factual allegations of the complaint are accepted as true and all reasonable inferences must be drawn in favor of the nonmoving party. Id.  Usher v. City of Los Angeles, 828 f. 2d. 556, 561, (9th Cir. 1987). Moreover, "[t]he Supreme Court has instructed the federal courts to

liberally construe the in artful pleading of pro se litigants, "Eldridge v. Block, 832 f. 2d 1132, 1137 ( 9th Cir. 1987) ( citing Boag v. MacDougal, 454, U.S. 364, 365 (1982), and we have emphasized that the rule of liberal construction is "particularly important in civil rights cases. " Ferdik v. Bonzelet, 963 F. 2d 1258, 1261 (9th Cir. 1992) (citing **Eldridge, 832 F. 2d at 1137**)

In his case, Plaintiff made six main assertions in support of his class-based discrimination.  See: Plaintiff's appeal from the Magistrate Judge's decision to U.S. District Court Northern District of California,  at 5. n. 1-19 accordingly, the Plaintiff's allegations of evidence base on the set of facts in his complaint against the Defendants in violation of civil rights and deprivation of federally constitutional rights meets the requirements of section 1985(2).

## Conclusion:

**Based on the fore goings,** Plaintiff, Hassan Golchini, respectfully moves this court to grant the Plaintiff's appeal from the Magistrate Judge's decision to the United State District Court for the Northern District of California and vacate the Magistrate Judge's decision dated November 29, 2007, and  issue an order for the summons to serve the Defendants.

Dated this 29th day of December 2007.

Respectfully submitted,

Hassan Golchini                                                                pro se
PO BOX 421636
SF, CA. 94142

HASSAN GOLCHINI
PO BOX 421636
SAN FRANCISCO, CA. 94142

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

HASSAN GOLCHINIU,
      PLAINITIFF.

V.

                                    **CASE NO.: C 07 5471**

JEANY VALDEZ; OFFICER MCLANE;
JAMES CYAES; MIKE KLINBERG;
CHIEF GASTON; SFSU/ROBERT CORRIGAN;
ALLIANCE RESIDENTIAL COMPANU;
BRUCE C. WARD; JIM ROSTEN; VILLA DE ANZA INC.;
KENNEDY-WILSON PROPERTY MANAGEMENT LTD.;
                                    DEFENDANTS.

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. section 1915(e)(1) Plaintiff moves for an order appointing counsel to represent him in this case. In support of this motion, Plaintiff states:

1.    Plaintiff is a layman at law and he has requested leave to proceed in forma pauperis.

2.    Plaintiff has a limited ability to litigate. The issues involved in this case are complex, and will require significant research and investigation. Plaintiff has a limited knowledge of law.

3.    A trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses. Wherefore, Plaintiff request that the Court appoint a counsel in this case.

Dated this 29th day of December, 2007.

Respectfully submitted:

Hassan Golchini                                  pro se
Po Box 421636
San Francisco, CA. 94142

HASSAN GOLCHINI
PO BOX 421636
SAN FRANCISCO, CA. 94142

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

HASSAN GOLCHINIU,
      PLAINITIFF.

V.

**CASE NO.: C 07 5471**

JEANY VALDEZ; OFFICER MCLANE;
JAMES CYAES; MIKE KLINBERG;
CHIEF GASTON; SFSU/ROBERT CORRIGAN;
ALLIANCE RESIDENTIAL COMPANU;
BRUCE C. WARD; JIM ROSTEN; VILLA DE ANZA INC.;
KENNEDY-WILSON PROPERTY MANAGEMENT LTD.;
                                DEFENDANTS.
                                       /

## DECLARATION OF HASSAN GOLCHINI

I, Hassan Golchini, the plaintiff in the above captioned case hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on December 29, 2007

Hassan Golchini
Po box 421636
San Francisco, CA. 94142

                                                        pro se

**ATTACHMENT a**

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HASSAN GOLCHINI,

　　　　　Plaintiff,

　　v.

JEANY VALDEZ, *et al.*,

　　　　　Defendants.

_____/

No. C-07-5471 EMC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITH PREJUDICE**

Plaintiff Hassan Golchini has filed a complaint against multiple persons and entities, including Jeany Valdez, alleging, *inter alia*, that Defendants violated his civil rights. Mr. Golchini has also filed with the Court an application to proceed in forma pauperis. Mr. Golchini has consented to proceed before a magistrate judge.

## I.　DISCUSSION

A.　In Forma Pauperis Application

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).

United States District Court

For the Northern District of California

In his financial affidavit, Mr. Golchini states that he has no current income other than welfare or other government assistance. It appears that Mr. Golchini does not own a home, nor does he have a bank account or car or possess any other assets. He states that his monthly expenses consist of $1200 for rent, $320 for food, and $22 for clothing. Given these circumstances, the Court grants Mr. Golchini's application to proceed in forma pauperis.

B.    Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed in forma pauperis if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because the Court must apply this standard, the Court turns to the specifics of Mr. Golchini's complaint.

Although the complaint is confusing and difficult to understand, it appears that Mr. Golchini has sued Defendants based on events that transpired while he was living at the Stonestown Apartments, now known as University Park North, which is property owned by San Francisco State University ("SFSU"). *See* Compl. at 4 n.1. According to the complaint, Mr. Golchini resided in the Stonestown Apartments in May 2005. *See* Compl. ¶ 2. While living there, he discovered that underground sex clubs were being operated at the apartments by Ms. Valdez, the manager of the apartments, and "her affiliates." Compl. ¶ 2. Ms. Valdez and her affiliates therefore "initiated [an] all-around strike against [Mr. Golchini] to get rid of him in order not to be exposed." Compl. ¶ 2. SFSU campus police were also a part of the conspiracy against Mr. Golchini, *see* Compl. ¶ 3, as were employees of the SFSU human resources staff. *See* Compl. ¶ 4. Ms. Valdez and her affiliates burglarized Mr. Golchini's residence and ultimately forced him to move out of his residence. *See* Compl. ¶¶ 5, 7(a), 9(a), 9(d). Ms. Valdez also used Mr. Golchini's identity to fabricate a lease for an apartment for her associates. *See* Compl. ¶¶ 1, 5, 9. Apparently, Ms. Valdez and her associates also managed to cause Mr. Golchini to lose employment, benefits, medical coverage, pension, and retirements and further made attempts on his life. *See* Compl. ¶¶ 7(d), (e); *see also* Mot. to Expedite at 1 (claiming that there have been attempts on his life, the last of which was a hit and run on September 11, 2007).

2

Based on the above allegations, Mr. Golchini asserted, in his complaint, claims under both federal and state law. With respect to federal claims, Mr. Golchini asserted that his civil rights had been violated pursuant to 42 U.S.C. §§ 1983 and 1985(2).

In the instant case, the Court concludes that Mr. Golchini has failed to state a claim for relief under federal law. He has failed to state a claim for relief under § 1985(2)[1] -- conspiracy to interfere with civil rights -- because that statute requires class-based discrimination, *see Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) ("conclud[ing] that an allegation of class-based animus is required for a claim under that clause as well [*i.e.*, the second clause of § 1985(2)]"), and Mr. Golchini has not made any such allegations in his complaint. As for the alleged violation of § 1983, it is not clear from the complaint which provision of the Fourteenth Amendment was purportedly violated. Mr. Golchini's assertion of the § 1985(2) claim suggests that the violation at issue was an equal protection violation but he has made no allegation of class-based discrimination nor the requisite elements of any other cognizable form of discrimination. Without any federal claim, the Court would decline supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a court may decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Dismissal is therefore appropriate.

Moreover, dismissal of the lawsuit with prejudice is justified because Mr. Golchini's complaint contains factual allegations that are clearly baseless and fanciful. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (stating that § 1915 gives a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" -- *e.g.*, "fantastic or delusional scenarios"). This conclusion is based no only on the implausibility of the plethora of events and alleged acts of wrongdoing, but also the breadth of the

---

[1] The relevant part of § 1985(2) provides for a cause of action to an injured party

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .

42 U.S.C. § 1985(2).

United States District Court

For the Northern District of California

numerous defendants involved in the alleged conspiracy. The Court's finding is also based in part on the prior lawsuit filed by Mr. Golchini in this District, in which he once again has a preoccupation with underground sex clubs, sex slavery, and sex trafficking. *See Golchini v. Lindauer*, No. C-07-3968 MMC.[2] That complaint was dismissed and the file closed.

Accordingly, the Court concludes that Mr. Golchini's claims are without merit and it hereby dismisses this lawsuit with prejudice.[3]

## II.   CONCLUSION

For the foregoing reasons, Mr. Golchini's complaint is dismissed with prejudice. In light of this order, Mr. Golchini's motion to expedite is moot. The Clerk of the Court is directed to enter judgment and close the file in this case.

This order disposes of Docket Nos. 2 and 3.

IT IS SO ORDERED.

Dated: November 29, 2007

EDWARD M. CHEN
United States Magistrate Judge

---

[2] Notably, Mr. Golchini alleged that the defendants in the *Lindauer* case told him to "leave the country or we set you up and you go to prison." *Golchini v. Lindauer*, C-07-3968 MMC (Docket No. 1, at 6). In the instant case, Mr. Golchini similarly claims that Ms. Valdez and her associates told him that "[w]e have police, DA, and Judges, if you do not leave the country and/or state, we will set you up and have you [im]prisoned." Docket No. 3, at 2.

[3] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendants in order to properly dismiss this action because Defendants have not been served and, as a result, are not parties. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with applicable filing requirements, was not a party).

4

Case 3:07-cv-05471-EMC     Document 7     Filed 01/02/08     Page 17 of 37

**ATTACHMENT b**

HASSAN GOLCHINI
PO BOX 421636
SAN FRANCISCO, CA. 94142


# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

C 07 5471

EMC

HASSAN GOLCHINI,
     PLAINTIFF.

V.                                          CASE NO.;

JEANY VALDEZ; OFFICER MACLAIN;
JAMES CYAES; MIKE KLINBERG;
CHIEF GASTON; SFSU/ROBERT C. CORRIGAN;
RESIDENTIAL PROPERTY MANAGEMENT COMPANY;
ALLIANCE RESIDENTIAL COMPANY;
BRUCE C. WARD; JIM ROSTEN; VIILA DE ANZA INC.
KENNEDY-WILSON PROPERTY MANAGEMENT Ltd.;
                              DEFENDANTS.
_____/


## MOTION TO EXPEDITE FOR EMERGENCY REASONS

Plaintiff, Hassan Golchini, in pro per respectfully asks the Court to have the above captioned case expedited for emergency reasons.

Plaintiff in support of his request offers the followings:

Since the Plaintiff's discovery of the underground sex club(s) and other activities such as: sperm count, etc., at SFSU off campus housings by the Defendants, there has been number of assaults and a few attempts to Plaintiff's life. On or about September 11, 2007, the last attempt of a hit and run and a general application occurred across from the Stonestown shopping center and University Park North, an off campus housing for SFSU. As a result, the Plaintiff was hospitalized in trauma ward at San Francisco General Hospital for three (3) days. The threats and intimidations by and through the Defendants and/or their agents has been intensified, and pressure to leave . [F-1]

Further that the Plaintiff has been threatened and was told that not to file any criminal charges. In addition, The Defendant, Jeany Valdez and her

associate repeatedly and again have told the Plaintiff that, " We have police, DA, and Judges, if you do not leave the country and/or state, we  will set you up and have you prisoned."

Moreover that there has been new developments that suggests the Defendants may have staged and orchestrated a set up to have the Plaintiff ends up in a tragic situation as the fate of the last victim in the hands of the Defendants: crippled and hospitalized for life. [F-2]

For this reasons, good cause appearing for the Honorable Court to hear the matter expeditiously for emergency reasons.

Dated October 25, 2007

Respectfully submitted:

Hassan Golchini                                    pro se
Po Box 421636
SF, CA. 94142


## PLAINTIFF'S VERIFICATION:

The undersigned, under the penalty of perjury swears, deposes and says that I am the Plaintiff herein, and have filed the foregoing pleading, and the facts stated therein are true.

25 October 2007.

Hassan Golchini                                    pro se
POBOX 421636
SF, CA. 94142-1636

---

[F-1]    The tragic nature of this case compounded by the fact that the intimidations, including attempts To Plaintiff's life has escalated due to completion of 'Persephone Brief', which describes the worst crimes against humanity and introduces the tragic fate of the previous victim(s) in the hands of the Defendants. Persephone Brief describes "affiliates" mentioned in the complaint and their operations, etc. The primary intention of the Plaintiff in writing the said brief was and is to dedicate the Brief to the daughters of California for informative and preparative reasons in taking any measures necessary to prevent falling in the hands of these wolves. Persephone Brief exposes the city's sex slavery and underground sex club, white slavery, sperm count etc.  It introduces "They"-secret society and/or Anarchists, their operations, identifies, and introduces the criminal organization(s), cult(s), and their locations, names, places of contact, means, sources, and purposes, etc. etc. It is the Plaintiff's hope that the said brief helps the young and promising teenagers of the state, especially San Franciscans to become aware of their environment.

---

[F-2]    Plaintiff will submit into evidence the tragic fate of the last victim in the hands of the Defendants.

2

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

HASSAN GOLCHINI

SAN FRANCISCO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Hassan Golchini, pro se: po box 421636, SF, CA. 94142

**DEFENDANTS**

JEANY VALDEZ, etc. al.

SAN FRANCISCO

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

---

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transfered from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

---

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | ☐370 Other Fraud | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐371 Truth In Lending | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐380 Other Personal Property Damage | ☐690 Other | **SOCIAL SECURITY** | ☐490 Cable/Satellite TV |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liabiltiy | ☐385 Property Damage Product Liability | **LABOR** | | ☐810 Selective Service |
| ☐190 Other Contract | ☐360 Other Personal Injury | | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/ Exchange |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐894 Energy Allocation Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant | ☐895 Freedom of Information Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☑440 Other Civil Rights | ☐550 Civil Rights | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |

---

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendants established underground sex clubs for activities such as sperm count, etc. on the SFSU property(s) violating Plaintiffs civil right

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____ CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    ☑ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
10/26/07

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_   Pro se

HASSAN GOLCHINI
PO BOX 421636
SAN FRANCISCO, CA. 94142

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HASSAN GOLCHINI,
       PLAINTIFF.

V.                                                                                    CASE NO.;

JEANY VALDEZ; OFFICER MCLANE;
JAMES CYAES; MIKE KLINBERG;
CHIEF GASTON; SFSU/ROBERT CORRIGAN;
PARK MERCED -RESIDENTIAL PROPERTY
MANAGEMENT COMPANY;
ALLIANCE RESIDENTIAL COMPANY;
BRUCE C. WARD;                                                 **COMPLAINT**
KENNEDY-WILSON PROPERTY MANAGEMENT Ltd.;
JIM ROSTEN; VIILA DE ANZA INC.            **JURY TRIAL DEMANDED**
               DEFENDANTS.
                                              /

I.    **INTRODUCTION:**

On or about June 3, 2007, Plaintiff made a good faith effort to resolve the concerned issues with the Defendants. Having not heard form the Defendants, the Plaintiff therefore redresses the matter before the Court for consideration and adjudication.

Plaintiff, Hassan Golchini, in pro per as and for his complaint against the Defendants respectfully alleges:

**(1) Violation of 42 U.S.C. 1983: conspiracy,**

### Title 42 USC. § (1983)

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**(2) Violation of 42 U.S.C. 1983: refusing or neglecting to prevent,**
**(3) Violation of 42 U.S.C. 1985(2),**

### Title 42 USC § 1985(2)

"(2) Obstructing justice:.... if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws: "

## (4) United States Constitution 14th Amendment,

### United States Constitution – 14th Amendment

Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law, which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**(5) Malicious abuse of process,**
**(6)  Assault,**
**(7) Battery,**
**(8) Conspiracy to committee mayhem**
**(9) Conspiracy to committee murder**
**(10) Conspiracy,**
**(11) Obstruction of justice**
**(12) Intentional infliction of emotional distress,**
**(13) Reserved for negligence, and**
**(14) Reserved for negligent infliction of emotional distress**

## II.    JURISDICTION:

1.    Jurisdiction is conferred on this Court because it arises under the laws of the United States.

2.    Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## III.    VENUE:

1.    The venue is appropriate for the Court because the main actor reside in this district and substantial amount of the acts and omissions giving rise to this Lawsuit happened in this district.

## IV.    PARTIES:

1.    Plaintiff, Hassan Golchini, is a residence of San Francisco who suffered personal injuries, severe and continuing emotional distress, and the loss of his employment, resources, residence, welfare and livelihood, as direct and approximate results of the acts of the Defendants as herein alleged.

2.    Defendant, Jeany Valdez, is employed by Kennedy-Wilson Property Management Ltd. working at University Park North (UPN) [F-1] apartment complex, and assumes responsibility of managing (UPN)- an off campus housing for San Francisco State University (SFSU). Accordingly, Defendant, Jeany Valdez, is acting under color of state law.

3.    Defendant, Mike Kleinberg, is a state actor and employed by SFSU. Defendant, Mike Kleinberg, is the directing supervisor of the UPN/UPS and over sees the Defendant, Jeany Valdez's, operation. Defendant, Mike Kleinberg, acts under color of state law.

4.    Defendant, Officer McLane, is state police personnel and works at the SFSU campus police Department. Defendant, Officer McLane is a state actor and acts under color of state law.

5.    Defendant, James Cyaes, employed at SFSU as a human recourses staff. Defendant, James Cyaes, is a state actor and acts under color of state law.

6.    Defendant, Chief Gaston, is the SFSU police campus director. Defendant, Chief Gaston, is a state actor and acts under color of state law.

7.    Defendant, Jim Rosten, is the President of the Kennedy-Wilson Property Management Ltd. Defendant, Jim Rosten, supervises and directs the Defendant, Jeany Valdez. Defendant, Jim Rosten, is working for a state agency, therefore acts under color of state law.

8.    Defendant, Kennedy-Wilson Property Management Ltd. assumes responsibility of the management-ship of UPN.

9.    Defendant, Villa De Anza Inc. is a real estate developer who owned the Stones town apartments and the Villas Park Merced until June 15, 2005.

10.    Defendant, SFSU, is a higher educational institution and part of the CA, State

3

University system under President Robert A. Corrigan, located at 1600 Holloway Ave. SF, CA. 94132. SFSU has the largest enrollments in the CSU system.

11.    Defendant, Park Merced Apartments is adjacent to SFSU and  joined with the Villas, an off campus student housing for SFSU.  Alliance Residential Company owns Park Merced Apartments.

12.    Defendant, Residential Property Management Company assumes responsibility of managing Park Merced Apartments and the Villas.

13.    Defendant, Bruce C. Ward is the President and responsible for operation and management of the Park Merced Apartments and the Villas.

**All of the Defendants are state actors and/or agent thereof, acting under color of state law and being sued in their individual and official capacity.**

## V.    Statement of the Case:

1.    On information, and belief approximately in August 2004 the Defendant, Jeany Valdez who assumed managing of the Stonestown apartments at 295 Buckingham way, San Francisco, CA 94132, conspired with her affiliates  and with a deliberate intention fraudulently used the Plaintiff's identity, social security, credit, money etc. and fabricated a lease for an apartment to her two (2) female associates and established an underground sex club(s) known as Persephone338 (identities of the girls working at underground sex club(s) omitted for practical reasons.).  Simultaneously, a few apartments at park Merced and/or the Villas were also used as underground sex club(s) by and through the same girls at "Persephone338" sex club(s). (Number of apartment(s) omitted for practical reasons.)

---

[F-1]    Stonestown Apartments located at Buckingham way @19 Ave. adjacent to SFSU and owned by Villa De Anza Inc. and Kennedy-Wilson Property Management Ltd. under Jim Rosten was responsible for operational logistics.  Jeany Valdez was managing the apartment complex. In June 2005, SFSU purchased the Stonestown apartments, changed its name to University Park North (UPN), and utilized it as an off campus housing for its students.  Kennedy-Wilson Property Management Ltd. remained to manage the property and Jeany Valdez retained her position.  In 2004, at the time of the inception of Persephone338, the underground sex club(s) protection and security was provided by and through a private security company under the Villa De Anza, Inc. Subsequent to transfer of the ownership to SFSU, campus police assumed the security and safety of the complex. At the same time, the Villas part of the Park Merced apartments were also sold to SFSU and in June 15 2005, the Ownership was transferred and it was renamed to University Park South (UPS) and the Kennedy-Wilson Property Management under Jim Rosten assumed responsibility for its operational logistics

In March 2005, the Plaintiff became aware of the conspiracy and initiated his investigation. As a result, the Plaintiff made a few inquiries, and ultimately two (2)students shed light on the rumors that had been generated around the campus, especially at library,  and told the Plaintiff that 'Madam Browny [F-2] having the protection of the 'Ringy Boys [F-3] have open her own business of the sex club(s) and that they have witnessed and they know that the apartment(s) under the plaintiff's name has been, among four (4) others, an underground sex club since early 2004, as well as four (4) apartments at the Villas Park Merced. Plaintiff also talked with two(2) neighbours which they confirmed the unusual activities and the traffic back and forth to the said apartment(s), (Number of apartment(s) omitted for practical reasons.)

2.    In May 2005, the Plaintiff relocates from Hayward and moves to the Stonestown Apartments in search of the truth.  Accordingly, the Plaintiff started surveillance(s) and with a help of a third party began to learn and discover the activities of the underground sex club(s) and their locations, among others, at his residence @ 265 Buckingham way APT#204, and at Park Merced apartments and/or the Villas.  By December 2005, it became clear that underground sex clubs were in full operations and Plaintiff learned and identified those involved, including all of the apartments, and their occupants.  Plaintiff noticed that he was being used and his identity, social security, money, credit, etc. has been compromised, and above all the reason that he had been targeted since October 2003.  As a result of the Plaintiff's discovery, the Defendants in collaboration started to cover up their acts.  Taking into consideration that Defendant, Jeany Valdez, and some of her affiliates were acting under color of state law and their conduct in establishing underground sex clubs, etc., on the state university property considered as a felony, they therefore in a conspiracy initiated all-around strike against the Plaintiff to get rid of him in order not to be exposed.

[F-2]    Madam Browny refers to the Defendant, Jeany Valdez, per campus rumours.

[F-3]    Ringy Boys refers to three (3) of the campus police officers that having an earring on their left ear promoting their Anarchist party of either: After Dark and/or Total Darkness.

5

3.     At all time during this complaint, due to number of incidences, including burglaries' robberies, threats, attempts to Plaintiff's life, etc. etc., presence of the Police became essential.  Given that, the Plaintiff was aware of the 'Ringy Boys' he therefore took an extreme cautious and he would only call the SFPD through 911 emergency numbers, as necessary.

However, each time that the Plaintiff notified the SFPD, about four (4) members of the SFSU police campus (herein after refer to as colleagues), including officer McLain, would have appeared, in an interval.  They would have either interfere with SFPD investigation and/or told the Plaintiff not to call SFPD. Defendant, Officer McLain and his colleagues continuously neglecting and ignoring to prevent future incidents.  Their failure to investigate,  withholding evidence, and giving the Plaintiff  false information, and their malicious abuse of process, and obstruction of justice over and over again  suggests that this officer(s) were in collaboration with the Defendant, Jeany Valdez, and were making every effort to stop the underground sex club(s) and other activities from being exposed, especially, in light of the existence of the evidence(s) of the burglaries and the existence of nearly one quarter of million minutes of phone calls between Buckingham way apartments (UPN) and park Merced/the Villas (UPS) apartments.  All of the said communications were exclusively between one female and thousands of male (identities omitted for practical reasons.)

4.     Defendants however in order to further cover up their acts and to pre-empt the Plaintiff from exposing the underground sex club(s),  strategize and plotted with a James Cyaes another member of the click and a human resources staff, causing the Plaintiff an unlawful and unjust loss of his employment, benefits, medical coverage, pension, retirement, etc. To date the Plaintiff has not been told the reason for this forceful lose of employment.  In addition, the Defendants in order to have their paper work in accordance with SFSU regulations continued in their malicious abuse of the system in committing more fraud again and over again.

6

5.    Defendant, Jeany Valdez, ultimately with the help of her affiliates struck the final blow and forced the Plaintiff to move out of his residence. In addition, Defendant, Jeany Valdez, in order to conceal evidence(s) forfeited all of the Plaintiff's personal property(s), including numerous evidences and documents that had cost the Plaintiff thousands of dollars, in birching and ignoring the state law, while her associates assured her that they would have the Plaintiff out of the country or prison if he does not leave. Further that the Defendants strategies and made sure that the Plaintiff would be without transportation, thus they played with other associates and got rid off his car.

Defendant, Jeanie Valdez, again in the absence of the Plaintiff on or about August 1, 2006, used the Plaintiff identity and fabricates another lease for an apartment to her associates and once again, the underground sex club 'Persephone338' began its unlawful and inhumane activities. Plaintiff in more than one occasion tried to consult with defendant, Jeany Valdez, with regard to the situation, however, defendant, Jeany Valdez, fled the scène. The assaults and attempts to Plaintiff's life became more intense and continued.

6.    Therefore, a conspiracy unfolds and reveals that the Defendants acts and omissions were unlawful. The Plaintiff discovery put them in shambles and they together conspired and ruined the Plaintiff's life in order not to be exposed. The tragic nature of this case compounded by the fact that the intimidations, including a few attempts to the Plaintiff's life to leave the country continues to date.[F-4] However, Plaintiff's long and exhausting investigation reveals shocking findings, which resulted in writing of the 'Persephone Brief'

---

[F-4]    On or about September 11, 2007, the last attempt of a hit and run and a general application occurred across from the Stonestown shopping centre and University Park North, an off campus housing for SFSU. As a result, the Plaintiff was hospitalized in trauma ward at San Francisco General Hospital for three (3) days. The threats and intimidations by and through the Defendants and/or their agents has been intensified, and pressure to leave continues.

Further that the Plaintiff has been threatened and was told that not to file any criminal charges. In addition, The Defendant, Jeany Valdez and her associate repeatedly and again have told the Plaintiff that, " We have police, DA, and Judges, if you do not leave the country and/or state, we will set you up and have you prisoned."

Moreover that there has been new developments that suggests the Defendants may have staged and orchestrated a set up to have the Plaintiff ends up in a tragic situation as the fate of the last victim in the hands of the Defendants: crippled and hospitalized for life.

---

[F-4A]    Persephone Brief describes "affiliates" mentioned in the complaint and their operations, etc. The primary intention of the Plaintiff in writing the said brief was and is to dedicate the Brief to the daughters of California for informative and preparative reasons in taking any measures necessary to prevent falling in the hands of these wolves. Persephone Brief exposes the city's sex slavery and underground sex club, white slavery, sperm count etc. It introduces "They"-secret society and/or Anarchists, their operations, identifies, and introduces the criminal organization(s), cult(s), and their locations, names, places of contact, means, sources, and purposes, etc. etc.. It is the Plaintiff's hope that the said brief helps the young and promising teenagers of the state, especially San Franciscans to become aware of their environment.

7

**PLAINTIFF'S CLAIM IS SUPPORTED WITH THE FOLLOWING COMPLING FACTS, WHICH HE INTENDS TO PROVE AT TRIAL.**
All of which are supported by way of evidences, documents and witnesses

## CONSPIRACY

7.      **Plaintiff** repeats and realleges and incorporates by reference the allegations in Paragraph 1. Through 6. above with the same force and effect as if herein set forth.

Defendants (a) has an object to be accomplished (b) has an agreement on the object or course of action (c) performed one or more unlawful overt acts, and (d) cased Plaintiff damages that were a direct result of those acts.

In furtherance of this object, Defendants did two or more overt acts against the Plaintiff, subsequent to his discovery of their acts. Those unlawful overt acts include, but not limited to the followings:

**(a)**     Defendants strategize to keep the Plaintiff out of his residence, in order not to be compromised and to continue their dirty work. Thus, initiated number of burglaries, threats, unjust notice of quite, etc. etc. against the Plaintiff, which resulted in lost of his residence.

**(b)**     Defendants strategize in order to conceal evidence forfeited all of the Plaintiff's personal properties/possessions, including numerous evidences he had gathered up to that point.

**(c)**     Defendants with a deliberate and calculated plot had the Plaintiff rubbed in number of occasions, which resulted in leaving the Plaintiff to be without resources, welfare, and livelihood.

**(d)**     Defendants strategize against the Plaintiff and caused an unlawful and a forceful loses of employment, benefits, medical coverage, pension, retirements, etc.

**(e)**     Defendants conspired with their affiliates and made a few attempts to the Plaintiff's life. Each attempt could have ended in fatality. As a result, Plaintiff suffered injuries and severe emotional distress that believe to be

8

permanent.

**8.**    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 7 above with the same force and effect as if herein set forth.

**9.**    Defendant, Jeany Valdez, in a conspiracy with her affiliates fraudulently and feloniously used the Plaintiff's identity, etc. etc. and established underground sex club(s) on a public school property, for monetary gain.  Plaintiff ultimately discovers and learns all those involved, their identity(s), where about, etc. etc.

**(a)** Subsequent to Plaintiff's discovery of the Defendants ' activities,  Defendant, Jeany Valdez, strategize with her associates to keep the Plaintiff out of his apartment by having the Plaintiff terrorized and burglarized.

**(b)** Defendant, Jeany Valdez, began her plot with ignoring numerous correspondences from the Plaintiff and others on behalf of the Plaintiff in order to have the terror and burglarizing stop.  The plaintiff asked the Defendant, Jeany Valdez, to be moved to another apartment, which may be more secure.

**(c)** Defendant, jeany Valdez, intentionally misrepresented that she had exclusive authority and will not allow the Plaintiff to move to any other apartment.

**(d)** Ultimately, the Defendant, Jeany Valdes collaborated with her affiliates and orchestrated executed a notice of quite, and pressured the Plaintiff out of his residence in order not to be exposed, and to conceal evidence, etc.

In concert with Defendant, Jeany Valdez and her associates' representations and misrepresentations, Officer McLain and his colleagues together pressured the Plaintiff out of his residence and the defendants agreed that the object or course of action was to rid of the Plaintiff without any necessary and justified reason, and maliciously plotted together and orchestrated and executed their plan and had the Plaintiff out of his residence.

**(e)** Defendant, Jeany Valdez, in order to conceal evidence, intentionally, and unlawfully forfeited the Plaintiff's personal property(s), etc. etc. The Plaintiff's personal property and numerous evidences that had cost the Plaintiff thousands of dollars were taken by the Defendant, Jeany Valdez, against the state law.

9

10.    As a result of the Defendant, Jeany Valdez's, extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendant, Jeany Valdez, in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

11.    Defendant, Jim Rosten, the president of the Kennedy-Wilson property management knew or should have known that the Defendant, Jeany Valdez's conduct was wrong.  Defendant, Jim Rosten should have been more vigilant and should have made sure that his employee(s) are conducting business in a professional and based on the accepted standards and principles.

12.    Defendant, Bruce C. Ward, the president of the Alliance property management Company knew or should have known that there is an underground sex club(s) under his nose in full operation.  Defendant, Bruce C. Ward should have been more vigilant and should have made sure that his employee(s) are conducting business in a professional and based on the accepted standards and principles.

13.    Defendant, Mike Kleinberg, the director of the UPN knew or should have known that Defendant, Jeany Valdez had intentionally misrepresented facts about the exclusive authority for any move.

14.    Defendant, Mike Kleinberg failed to conduct any investigation, despite of the fact that the Plaintiff left him number of massages.

15.    Defendant, Mike Kleinberg, should have conducted an investigation, in order to determine the reason(s) that the Plaintiff's personal property has been forfeited against the state law.

16.    In a collaboration with the Defendant, Jeany Valdez, Defendant, James Cyaes, intentionally and deliberately with force and intimidation pressured the Plaintiff to leave his job.

17.    In addition, Defendant, James Cyaes, committed fraud(s) to assist her affiliate the defendant, jeany Valdez, to have certain paper work(s) in

10

accordance with (SFSU) regulations.

18.    Defendant, James Cyaes's, conduct in malicious abuse of process and misrepresentation with false, fabricated information to have a state permanent employee out of job without show cause and to committee fraud was extreme and outrageous that shock the conscience.

19.    As a result of the Defendant, James Cyaes, extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma...

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendant, James Cyaes, in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

20.    Defendants SFSU and Kennedy-Wilson Properties, Jim Rosten and Mike Kleinberg, Villa De Anza, Park Merced- Alliance Residential Company and the Residential Property Management Company, and Bruce C. Ward, are liable under the doctrine of respondeat superior.
Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 20 above with the same force and effect as if herein set forth.

22.    Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously force Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff constitutional rights, or by falsely force the plaintiff, by conspiring against Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

11

23.    Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

24.    The actions of the Defendants were the cause of Plaintiff's distress.

25.    Plaintiff is a reasonable man.

26.    The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

27.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion." Extreme and outrages conduct is not required if the emotional distress resulted from the commission of another tort.

28.    Defendants SFSU and Kennedy-Wilson properties, Villa De Anza, Park Merced -Alliance Residential Company and the Residential Property Management Company are liable under the doctrine of respondeat superior.

29.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## RESERVED FOR NEGLIGENCE

30.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31.    Defendants SFSU and Chief Gaston of campus Police owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, to prevent establishment of an underground sex club and/or to make sure that none of their employees are part of it.

32.    Defendant Officer McLain and his colleagues (refers to other four (4) campus officers, only.) owed a duty to act according to the standard of ordinary

12

care of a police officer, to wit, to conduct a proper investigation, and not to withhold evidence and not to conceal evidence. Defendant Officer McLain was informed by way of evidence about the seven thousand (7000) minutes of phone call a month, only from one phone at the Plaintiff's residence, between University Park North (formerly known as Stonestown) and Park Merced (University Park South), and surrounding neighborhood between 1000's of men and only communicating with one girl suggest something worse investigation on a state university property. Defendant Officer McLain should have conducted investigation. Defendant Officer McLain has duty under law to follow procedures and investigate such evidence(s), as well as the evidence of a burglary submitted to him by the Plaintiff. In matter of jurisdiction over jurisdiction, Defendant Officer McLain, and his colleagues should not have interfered with the SFPD with broad range of investigation. Defendant Officer McLain and his colleagues should not have conceals evidence. Defendant Officer McLain and his colleagues should not have given the Plaintiff false information. his failure of which was the proximate cause of Plaintiff's injury. Defendant Officer McLain and his colleagues were informed about the underground sex club(s), and a possible ring of prostitution on the state school property. The Plaintiff about the witnesses and evidences, as well as overwhelming documents to this effect informed them. Defendant Officer McLain and his colleagues intentionally neglected to do their duty. Defendant Officer McLain and his colleagues owed a duty to act according to the standard of ordinary care of a police officer, to wit, to conduct a proper investigation. As a result of the Defendant, Officer McLain, and his colleague's extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma.

33.    WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendant, Officer McLain, and his colleagues in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

13

34.    Defendants SFSU and Chief Gaston breached that duty by failing to act as an ordinary government agency would act, to wit, by failing adequately to control and to supervise the campus officers.

35.    As a result of those breaches, which were the proximate causes of Plaintiff's injury, Plaintiff suffered harm and damages.

36.    Defendants SFSU and Chief Gaston are also liable under the doctrine of respondeat superior.

37.    WHEREFORE, Plaintiff demands judgment against Defendants SFSU, Jeany Valdez, James Cyaes, Mike Kleinberg and officer McLain, Chief Gaston, for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

38.    Plaintiff demands judgment against Defendants, Villa De Anza Inc., Jim Rosten, Kennedy Wilson Properties, Ltd. , Park Merced-Alliance Residential Company and the Residential Property Management company, and Bruce C. Ward for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## RESERVED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40.    Defendants continually negligently inflicted emotional distress on the Plaintiffs.

41.    Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiffs. Defendants breached their duties to the plaintiffs.

42.    The plaintiff never interfered with the defendants' obligations under the above-described duties.

14

**43.**    Plaintiff suffered not only physical symptomatolo-gies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

**42.**    Defendants Jim Rosten and Kennedy-Wilson <u>Properties</u> Ltd, Villa De Anza Inc., Park Merced- Alliance Residential Company and the Residential Property Management Company, and Bruce C. Ward are also liable under the doctrine of respondeat superior.

**43.**    As a result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatolo-gies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**44.**    WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants Jeany Valdez, James Cyaes, Officer McLain, Chief Gaston, Mike Kleinberg, SFSU, and Jim Rosten, Villa De Anza, Inc. Kennedy-Wilson Properties, Park Merced- Alliance Residential Company and the Residential Property Management company, and Bruce C. Ward in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Dated this 25th day of October 2007.

Respectfully submitted,

Hassan Golchini                pro se
Po Box 421636
SF, CA. 94142-1636

15

**PLAINTIFF'S VERIFICATION:**

The undersigned, under the penalty of perjury swears, deposes and says that I am the Plaintiff herein, and have filed the foregoing pleading, and the facts stated therein are true.

25 October 2007.

Hassan Golchini                                      pro se
POBOX 421636
SF, CA. 94142-1636

16

## CERTIFICATE OF SERVICER

I, Hassan Golchini, the Plaintiff in the civil action herein, certify under the penalty of perjury that I have provided the Defendants' addresses to the Clerk of the Court for the service of process and the summons, soon as an order issued by the Court granting the Plaintiff's form of pauperis.

1.    United States Justice Department

2    Jeany Valdez
     University Park North
     295 Buckingham Way
     SF, CA. 94132

3.    James Cyaes
      SFSU
      Human Resources
      1600 Holloway Ave.
      San Francisco, CA 94103

4.    Officer McLain
      SFSU campus police Dept.
      1600 Holloway Ave,
      SF, CA. 94132

5.    Chief Gaston
      SFSU campus police Dept.
      1600 Holloway Ave,
      SF, CA. 94132

6.    Mike Kleinberg
      University Park North
      295 Buckingham Way
      SF, CA. 94132

7.    Park Merced-
      Alliance Residential Co.
      3711 19th Ave.
      SF, CA. 94132.

8.    President Robert A. Corrigan
      SFSU
      1600 Holloway Ave,
      SF, CA. 94132

9.    Jim Rosten
      650 Townsend Street
      Suite 270
      San Francisco, CA. 94103

10.   Villa De Anza, Inc
      Park Merced
      3711 19th Ave.
      SF, CA. 94132

11.   Kennedy Wilson Properties, Ltd.
      650 Townsend street
      Suite 270
      San Francisco, CA. 94103

12.   Bruce C Ward
      Park Merced
      3711 19th Ave.
      SF, CA. 94132

13.   Alliance property management co.
      Park Merced
      3711 19th Ave.
      SF, CA. 94132

Dated this 25th day of October, 2007

Hassan Golchini                    pro se
Po Box 421636
SF, CA. 94142-1636

17